SHARPE, Respondent, vs. COUSINS, Commissioner of Banking, imp., Appellant.

*March 13—November 16, 1920.*

*Banks and banking: Liquidation by commissioner of banking: Claim not presented to commissioner.*

> Where a claim filed with the commissioner of banking, engaged in liquidating a trust company, did not mention two transactions relative to improvident investments by the company, and they were not specified until the filing of a complaint, such items could not properly be considered or allowed by the court. *Wisconsin Trust Co. v. Cousins, ante,* p. 486, followed.

APPEAL from a part of a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Reversed and modified.*

This appeal is from a judgment in an action brought by plaintiff within six months after notice of the rejection of a claim theretofore filed by her with the commissioner of banking in the liquidation proceedings of the Citizens Savings & Trust Company.

The transaction involves the investment of $1,000 on October 15, 1909, and of $500 on December 30, 1911, of plaintiff's money by the Trust Company in the Clark Realty Company loan. The nature of this loan is given in the statement of facts in the preceding case, *Wisconsin Trust Co. v. Cousins, ante,* p. 486, 179 N. W. 801.

It was found that there was a loss arising from these investments and the amount of such loss was allowed as part of the judgment below, which judgment included other items not questioned on this appeal.

The plaintiff's claim in the liquidation proceedings was filed within the time fixed by the notice given by the commissioner and before February 26, 1914, and she was notified of its rejection on September 22, 1914. The summons herein was served in March, 1915. An order was obtained for a proposed examination of certain of the then named

defendants and the time extended for the service of the complaint, which was finally served February 11, 1919. From so much of the judgment as allowed damages based upon such two investments in the Clark Realty Company defendant has appealed.

For the appellant there was a brief by *Flanders, Fawsett & Smart,* and oral argument by *Charles E. Monroe,* all of Milwaukee.

For the respondent there was a brief by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *George Lines.*

The following opinion was filed July 17, 1920:

ESCHWEILER, J.    It is conceded on this appeal that in the original claim filed prior to February, 1914, no mention was made by plaintiff of the two several transactions as to the Clark Realty Company loan, which formed the basis of that portion of the relief granted in the judgment from which appellant has appealed.

The trial court held that the right to relief for such improvident investments of the two items above specified was not outlawed by the statute of limitations at the time of the commencement of this action in March, 1915, and that the two items might therefore be treated as proper subjects for adjudication in this action, although not specified until the filing of the complaint in February, 1919.

This situation is ruled by what has been said in the preceding case of *Wisconsin Trust Co. v. Cousins, ante,* p. 486, 179 N. W. 801, namely, that a cause of action such as this which is permitted under sub. 5, sec. 2022, Stats., for a review by the circuit court of the action and ruling of the banking commissioner in disallowing claims filed with him in the liquidation proceedings, must be confined to such transactions as were originally presented to the banking commissioner in such claim.    It cannot include transactions or matters of which the commissioner cannot be held to have

been reasonably apprised by the filing of a claim so that he might exercise his judgment in approving or rejecting the same.

The two items involved here, having never been presented to the commissioner in the shape of a claim in the liquidation proceedings, could not properly be considered by the court in this action although included in the complaint. For that reason the portion of the judgment appealed from must be reversed.

*By the Court.*—So much of the judgment as is appealed from is reversed, and the action remanded with directions to modify the judgment in accordance herewith.

SIEBECKER, C. J., and ROSENBERRY, J., dissent.

A motion for a rehearing was denied, with $25 costs, on November 16, 1920.